Morphy, J.
delivered the opinion of the court.
Plaintiff seeks to recover a balance, of $1242 43, for work done and materials furnished for the repair of the steamboat Bayou Sara, according to an account and contract annexed to his petition. The answer pleads payment in full of all that plaintiff is justly entitled to; objects to a number of charges in the account, and demands in reconvention $3000 damages for the detention of the boat thirty days beyond the time necessary for the repairs. This case has already been before us on an appeal brought up by the plaintiff against whom judgment had been rendered. Some balance appearing yet due to him, but the evidence not enabling this court to determine the amount or to pronounce finally on the plea in reeonvention, the case was remanded. 'Upon its return to the inferior court, it was laid before a jury, who returned a verdict for the plaintiff in the sum of one dollar. On a new trial being granted, the plaintiff obtained a verdict for $1114 43; and from the judgment entered up on this last verdict the defendant prosecutes the present appeal.
The variant views taken of the rights of the parties to this controversy by the two juries who passed upon it and by the district judge who first had it before him, arose, no doubt, in a great measure, from their different understanding of the contract upon which both plaintiff and defendant rely. It is clear from the evidence that the repairs which it was found necessary to make to the boat as the work progressed were much greater [536] than either party originally contemplated, and this creates the difficulty in relation to the charges objected to in the plaintiff’s account, and the unusual delay and detention of the boat complained of by defendant. The repairs lasted from the 11th of July to the beginning of November. From the testimony of the several ship-carpenters examined on the trial, we incline to think that the defendant has cause to complain of some loss of time, which the evidence shows has been extremely prejudicial to him, but the jury was perhaps satisfied under the evidence that the plaintiff could not, at that season of the year, procure more hands than he actually employed to do the work, and that it was not his fault if, after having nearly completed such repairs as were first found necessary, he was ordered to take the boat to pieces *324 in order to make her undergo a more thorough repair. As to the account of plaintiff, we have examined it closely in connection with the contract and the evidence in both records. There are only two of the items objected to which, we think, the jury should not have allowed: One is a charge of $4 per day for plaintiff’s attendance during the' repairs, and the other for $3 50, instead of $3 per day, for the hire of ship-carpenters after the 20th of August, 1836. The jury considered that thi contract at that date was at an end, and allowed these items as customary charges in the absence of any agreement. In this, we think they erred, so far at least as relates to the ship-carpenter’s work. By the third article of the agreement, plaintiff engaged to do such ship-carpenter’s work on the hull, deck and guards of the boat as he would be called upon to do ; he was to furnish first rate ship-carpenters at $3 per day, and timber, &e., at stated prices, &c. It appears from the testimony of almost all the witnesses, that the boat had not been entirely hauled out of the water ; owing partly to this circumstance the extent of the necessary repairs was not at first ascertained. Before the repairs, however, were com-[537] pleted, Laurent, who superintended the work for defendant and who had expressed himself satisfied with what had been done, called in the insurance office inspectors some time about the 20th of August, 1836, with a view to have the boat classed. On this inspection it was discovered that she required more extensive repairs; plaintiff then proceeded by order and the direction of Laurent to make these additional repairs, without a day’s interruption, as appears from his own account. As he had bound himself to do all repairs he might be called upon or required to make by Captain Laurent, we consider that the additional repairs were but a continuation of those not yet completed, and were covered by the contract, although not at first supposed necessary by either party. The evidence satisfies us that a charge for personal attendance is customary only when there is no oontract fixing the hire of the workmen employed.
It is therefore ordered that the judgment of the commercial court be reversed ; and proceeding to give such judgment as, in our opinion, should have been rendered below; it is ordered and adjudged that plaintiff do recover of the defendant the sum of eight hundred and forty-nine dollars and sixty-three cents, with costs below; those of this appeal to be borne by the appellee.